MICHAEL E. SHAFF, Bar No. 152998
**STUBBS ALDERTON & MARKILES, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403
Tel. (818) 444-4522
Fax (818) 444-6322
mshaff@stubbsalderton.com

Attorneys for Plaintiff,
1570 Fair Oaks LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1570 FAIR OAKS LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **CASE NO.**<br><br><br>**COMPLAINT FOR:**<br><br>**WRONGFUL LEVY** |

COMPLAINT

Plaintiff alleges:

1. Plaintiff sues the defendant, United States and its agency, the Internal Revenue Service, Department of Treasury, for wrongful levy in violation of 26 USC §7426.

2. **JURISDICTION.** This court has jurisdiction over this action pursuant to 26 USC §7426(b) and 28 USC §1346(a).

3. The principal place of business of Plaintiff was at 1307 Dana Place, Fullerton, California.

4. Venue in the Central District of California is proper pursuant to 28 USC §1396.

5. The Plaintiff's principal place of business was in Fullerton, within Orange County.

6. Plaintiff purchased its business assets as shown below from the following seller (the "Seller").

7.  **BUYER AND SELLER**

| Facility Located | Seller | Buyer- Plaintiff |
|---|---|---|
| 1570 Fair Oaks Boulevard, Pasadena, CA | Legacy Healthcare Center LLC | 1570 Fair Oaks LLC |

8. The Plaintiff entered into an agreement entitled Management Operations and Transfer Agreement (the "MOTA") dated as of March 31, 2020, between Ermel Don Doyle, Jr., the State Court Appointed Receiver for Legacy Healthcare Center LLC as seller ("Seller") and the Plaintiff as purchaser (the "Agreement") for Seller to sell the assets constituting the California licensed skilled nursing facility (the "Facility") located at 1570 Fair Oaks Boulevard, Pasadena, CA.

9. The MOTA contemplated that the Plaintiff would commence operating the Facility using the Seller's medicare identification number until Plaintiff's change of

1
COMPLAINT

ownership application could be approved by the California Department of Public Health.

10. The Plaintiff's change of ownership application filed with Noridian, the administrator for the Centers for Medicare and Medicaid Services ("CMS"), a federal agency, is dated as received on April 1, 2020.

11. Upon information and belief, Seller was indebted to the defendant Internal Revenue Service ("IRS") at the time that Plaintiff purchased the Facility from Seller.

12. CMS granted the Plaintiff's change of ownership application on or about October 26, 2020, effective as of April 1, 2020.

13. Use of a seller's license number after ownership and operation of a skilled nursing facility has been transferred is a customary and accepted method of accommodating the buyer.

14. From April 1, 2020 through October 26, 2020, Plaintiff, with Seller's agreement, used Seller's license number with Noridian.

15. As of March 31, 2020 (the "Closing Date") the date on which the Seller conveyed possession of and title to the assets, operations and ownership of the Facility to the Plaintiff, the defendant IRS had not recorded a notice of federal tax lien in any county in which any of the assets that Seller sold Plaintiff is located.

16. As of March 31, 2020, the Plaintiff had the burdens and benefits of ownership and operation of the Facility.

17. As of March 31, 2020, the Plaintiff was not aware of the Seller's federal tax obligations.

18. Plaintiff was a bona fide purchaser in good faith without knowledge of the unfiled federal tax liens against Seller.

19. Pursuant to 26 USC §6323(a), no federal tax lien in the name of the Seller is valid against the Plaintiff.

20. Commencing on April 9, 2020, defendant IRS levied upon and collected from federal and state agencies (the "Paying Agencies") funds payable to Plaintiffs for services the Plaintiffs performed on and after the March 31, 2020 Closing Date on behalf of the Facility's residents and patients eligible for federal and state health and disability coverage from the Paying Agencies.

21. At no time since the Closing Date of the Agreement has the Plaintiff been indebted to the defendant IRS for unpaid federal taxes.

22. Among the assets that the Plaintiff purchased from the Seller was Seller's authorizations to be compensated by the Paying Agencies.

23. The Paying Agencies honored the federal tax levies that the defendant IRS served on them by misidentifying the authorizations as belonging to the Sellers and not to the Plaintiffs.

24. Pursuant to 26 USC §6332(e), the Plaintiffs may not bring a claim against the Paying Agencies for honoring the federal tax levies of the defendant IRS.

25. The defendant IRS wrongfully collected from the Paying Agencies One Hundred Fifty-Three Thousand Nine Hundred Six Dollars and One Cent ($153,906.01) in funds properly payable to the Plaintiff (the "Wrongfully Levied Funds").

26. The amount of the Wrongfully Levied Funds may increase or decrease slightly once a final reconciliation can be performed by the Parties.

27. Plaintiff timely filed administrative wrongful levy claims with the defendant IRS by letter dated July 2, 2021.

28. As of the date of the filing of this complaint, the defendant IRS is obligated to the Plaintiff in the following amounts:

| Amount Levied | Date of Levy |
|---|---|
| $12,636.60 | 4/9/2020 |
| $13,479.04 | 4/16/2020 |
| $15,965.61 | 4/23/2020 |
| $16,427.58 | 4/30/2020 |
| $8,787.17 | 5/7/2020 |
| $7,792.57 | 5/14/2020 |
| $4,422.81 | 5/21/2020 |
| $4,422.81 | 5/29/2020 |
| $6,094.81 | 6/4/2020 |
| $4,686.81 | 6/11/2020 |
| $8,213.79 | 7/2/2020 |
| $2,432.53 | 7/9/2020 |
| $9,340.88 | 7/16/2020 |
| $3,376.33 | 7/23/2020 |
| $2,664.20 | 7/30/2020 |
| $2,403.31 | 8/6/2020 |
| $8,518.87 | 8/13/2020 |

| | |
|---|---|
| $1,042.51 | 8/20/2020 |
| $3,822.55 | 8/27/2020 |
| $2,432.53 | 9/3/2020 |
| $2,432.53 | 9/11/2020 |
| $2,085.03 | 9/17/2020 |
| $2,780.04 | 9/24/2020 |
| $2,432.53 | 10/1/2020 |
| $2,432.53 | 10/8/2020 |
| $2,780.04 | 10/15/2020 |

29. The statute of limitations for commencing a wrongful levy action against the United States pursuant to 26 USC §6532(c)(1) is two years from the date of the wrongful levy.

30. The two-year limitations period is extended by twelve months when a timely administrative claim is filed with the IRS pursuant to 26 U.S.C §6532(c)(2).

31. Plaintiff has administratively pursued its wrongful levy claims against the defendant IRS by filing an administrative claim on or about July 2, 2021, extending the limitations period to July 2, 2022.

32. The Defendant IRS denied Plaintiff's administrative claim by letter dated January 10, 2022.

33. Plaintiff exhausted its administrative remedies within the time available with the defendant IRS pursuant to 26 USC §7426(h)(2), which is a prerequisite to the granting of attorneys' fees and costs but is not required for the grant of the refund of

the wrongfully levied funds and the imposition of statutory interest from the dates of the wrongful levies.

34. The Plaintiff is entitled to judgment in the amount of the outstanding wrongful levies as set forth in Paragraph 28 above, pursuant to 26 USC §7426(b)(2)(B).

35. The Plaintiff is entitled to judgment for interest at the statutory rate prescribed in 26 USC §7426(g)(1).

36. The Plaintiff is entitled to recover costs incurred in having to bring this action, including attorneys' fees, pursuant to 26 USC §7426(h)(1).

**WHEREFORE**, the Plaintiff prays that the Court:

    A. Order the refund to the Plaintiff of all the wrongfully levied funds due Plaintiff and levied from the Paying Agencies.

    B. Order the payment of interest from the date of the levies at the statutory rate.

    C. Order the payment of the Plaintiff's legal fees and costs.

    D. Order such other and further relief as the Court may allow.

DATED: April 21, 2022     **STUBBS, ALDERTON, & MARKILES, LLP**

By: */s/ Michael E. Shaff*
    Michael E. Shaff
    Attorney for Plaintiff 1570 Fair Oaks LLC